UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNN B.,

                    Plaintiff,                      Case No. C25-1521-MLP

        v.                                          ORDER

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

## I.      INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred at step two, and by failing to incorporate limitations from accepted medical opinions into the residual functional capacity ("RFC") finding. (Dkt. # 12.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 16.) Plaintiff did not file a reply. Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.   BACKGROUND

Plaintiff was born in October 1978, has a greater than high school education, and has worked as a financial planner. AR at 188, 232, 764. Plaintiff was last gainfully employed in 2018. *Id.* at 209. In July 2022, Plaintiff applied for benefits, alleging disability as of February 5, 2021. *Id.* at 188. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 17. After the ALJ conducted a hearing in August 2024, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17, 32.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, that Plaintiff has the severe impairments of post-concussive syndrome, traumatic brain injury, headaches, neurocognitive disorder, lumbar and cervical degenerative disc disease, depressive disorder, and anxiety disorder. AR at 19. The ALJ determined that Plaintiff can perform light work with additional postural and exertional limitations; can understand and remember simple, routine tasks and sustain them for two-hour intervals over an eight-hour workday; and can tolerate occasional interaction with the public and occasional changes in the routine work setting. *Id.* at 22.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

## III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined

---

[2] 20 C.F.R. § 404.1520.

ORDER - 2

as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.   DISCUSSION

### A.   The ALJ Did Not Err at Step Two

Plaintiff argues the ALJ erred at step two by failing to include her benign paroxysmal positional vertigo ("BPPV") as a severe impairment. (Dkt. # 12 at 2-13.) The Commissioner responds that the ALJ properly considered BPPV as a *symptom* of Plaintiff's severe impairments, and, in any event, any step-two error was harmless because step two was decided in Plaintiff's favor. (Dkt. # 16 at 2-10.)

Step two is a threshold determination meant to screen out weak claims. *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)). The ALJ must determine whether the claimant has a "severe" impairment. 20 C.F.R.

ORDER - 3

§ 404.1520(c). If the claimant has at least one severe impairment, the evaluation proceeds to step three. 20 C.F.R. § 404.1520(d).

A claimant generally cannot be prejudiced by the ALJ's failure to find a particular impairment severe at step two so long as the ALJ finds at least one severe impairment and considers the functional effects of all impairments when assessing the RFC. *Buck*, 869 F.3d at 1049; Social Security Ruling 96-8p, 1996 WL 374184, at *5. "The RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck*, 869 F.3d at 1049.

Even if the ALJ erred in not listing BPPV as a severe impairment at step two, any error was harmless. At step four, the ALJ expressly discussed evidence related to Plaintiff's dizziness, noting that she "complained of dizziness when requested to perform heel, toe, and tandem walking, squatting, and spinal range of motion and did not perform said maneuvers," and accordingly limited her "to light work including the postural and environmental limitations as described in the residual functional capacity," incorporating those limitations into the RFC formulation. AR at 26-27; *see Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

1. *The ALJ Did Not Err in Evaluating Plaintiff's Testimony*

Within her step-two argument, Plaintiff asserts that the ALJ failed to provide sufficient explanation for discounting her testimony regarding BPPV. (Dkt. # 12 at 11-13.) The ALJ, however, reasonably discounted her subjective testimony as inconsistent with the objective medical evidence, including her positive response to treatment, and with her activities of daily living. AR at 24.

Absent evidence of malingering, an ALJ must provide clear and convincing reasons for discounting a claimant's testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir.

ORDER - 4

2017). That said, the ALJ is not required to believe every allegation, nor to analyze testimony line by line. *See Ahearn*, 988 F.3d at 1116; *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff testified that she can only read or watch movement for about thirty seconds before she starts to experience symptoms, including eye pain, head pain, and dizziness. AR at 50. As the ALJ noted, after a physical exam revealed BPPV, doctors referred her to vestibular rehab. *Id.* at 27 (citing *id.* at 824-25). Initial testing "indicated moderate perception of handicap related to dizziness/imbalance." *Id.* (citing *id.* at 816). Vestibular physical-therapy notes indicate that, as of July 27, 2023, "BPPV testing was negative; patient does not appear to have BPPV at this time." *Id.* at 955. Plaintiff declined repeat BPPV testing. *Id.* at 982.

As for other symptoms, Plaintiff told providers that her "lengthy course of physical therapy" in 2021 was very helpful, but she discontinued due to "difficulty tolerating sessions and limiting her ability to participate in life." AR at 764. The ALJ further noted that, after Plaintiff was discharged from physical therapy in January 2022, she returned to much of her regular routine, including coaching and hiking. *Id.* at 25 (citing *id.* at 411). In March 2023 she reported that she takes care of pets, cooks three times a week, shops online, drives short distances, and completes chores such as vacuuming, laundry, and washing dishes. *Id.* at 26 (citing *id.* at 802). On this record, it was not unreasonable for the ALJ to conclude that this evidence of improvement with treatment and ongoing activities contradicted Plaintiff's allegations of greater limitations.

ORDER - 5

**B.      The ALJ Did Not Err in RFC Assessment**

Plaintiff next argues the ALJ erred in formulating the RFC by not including all limitations from accepted medical opinions. (Dkt. # 12 at 13-18.) RFC is the most a claimant can still do despite her limitations and is assessed based on all relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a)(1). An RFC must include all functional limitations supported by the record. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009).

The ALJ considered the opinions of State agency psychological consultants Andrew Forsyth, Ph.D., and Matthew C., Psy.D., and found them persuasive. AR at 29. In relevant part, Dr. Forsyth opined Plaintiff "is capable of carrying out short and simple (2-3 step) tasks on a consistent basis[,]" *id.* at 74, and Dr. Matthew C. opined the same, *id.* at 87. Plaintiff argues there is a conflict between these opinions and the RFC, which limits her to simple, routine tasks but does not specify "2-3 steps." (Dkt. # 12 at 14.)

The Commissioner relies on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008), to support the ALJ's interpretation of short and simple (2-3 step) tasks as equivalent to simple, routine tasks. (Dkt. # 16 at 10-11.) In *Stubbs-Danielson*, the Ninth Circuit held that an RFC limiting a claimant to "simple, routine" work properly incorporated a medical opinion limiting the claimant to "simple tasks" and "short simple instructions." 539 F.3d at 1174-75; *see also Aimee F. v. Comm'r of Soc. Sec.*, 2023 WL 142764, at *4 (W.D. Wash. Jan. 10, 2023) (RFC limiting plaintiff to simple, routine tasks accounted for opinion limiting her to understanding, remembering, and carrying out short, simple instructions).

Accordingly, the ALJ did not err in translating these medical opinions into an RFC limiting Plaintiff to simple, routine tasks that she can sustain for two hours at a time. AR at 22;

ORDER - 6

*see also Rounds v. Comm'r Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

Plaintiff further argues she is not capable of performing the jobs the ALJ identified because they require Reasoning Level Two, which she contends is inconsistent with her RFC limiting her to simple tasks. (Dkt. # 12 at 14-16.) An ALJ may rely on a Vocational Expert ("VE") to testify as to what jobs a claimant with a given RFC can perform and the availability of those jobs. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). To do so, the ALJ poses a hypothetical to the VE that reflects all of the claimant's limitations. *Id.*

Here, the ALJ presented the VE with a hypothetical reflecting the ultimate RFC determination limiting Plaintiff to simple, routine tasks for two hours at a time. AR at 22, 61. Plaintiff contends this was error because the VE identified jobs requiring Reasoning Level Two, which the Dictionary of Occupational Titles describes as involving "detailed but uninvolved" instructions. (Dkt. # 12 at 16.)

The Ninth Circuit has recognized, however, that Reasoning Level Two can be consistent with limitations to simple tasks and short, simple instructions. *See Leach v. Kijakazi*, 70 F.4th 1251, 1256-57 (9th Cir. 2023); *Rounds*, 807 F.3d at 1004, n. 6 ("Unpublished decisions of panels of this Court and opinions from some of our sister circuits have concluded that an RFC limitation to 'simple' or 'repetitive' tasks is consistent with Level Two reasoning."); *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (RFC for simple, routine, repetitive tasks consistent with Level Two reasoning); *Ranstrom v. Colvin*, 622 F. App'x 687, 688-89 (9th Cir. 2015) (no "appreciable difference" between ability to make simple decisions based on "short, simple instructions" and Level Two reasoning requiring "detailed but uninvolved" instructions).

The ALJ appropriately relied on the VE's expertise to determine that Plaintiff could perform the jobs identified based on a hypothetical matching her RFC. Accordingly, the ALJ did not err in formulating the RFC.

### V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 4th day of March, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8